IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| NOREELDEEN ABDULKARIM, #352923, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:15-cv-00926 |
| | ) | |
| STATE OF TENNESSEE, | ) | Senior Judge Haynes |
| MONTE WATKINS, ELAINE HEARD, | ) | |
| and RICHARD ROOKER, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

Plaintiff, Noreeldeen Abdulkarim, filed this *pro se* action under 42 U.S.C. § 1983 against the Defendants: State of Tennessee, Judge Monte Watkins, defense attorney Elaine Heard, and Clerk of the Davidson County Criminal Court, Richard Rooker.

According to the complaint, Plaintiff alleges that Judge Watkins and Attorney Heard violated Plaintiff's constitutional rights and committed malpractice, "abuse of legal process," and malicious prosecution. Plaintiff seeks the removal of Heard as his attorney. Plaintiff alleges that Heard refuses to remove herself and Judge Watkins refused to remove her. As to Defendant Rooker, Plaintiff alleges that Rooker refuses to file Plaintiff's *pro se* motions in the criminal proceedings against him as long as he is represented by counsel. Plaintiff also asserts that Judge Watkins instructed the Clerk not to process any motions filed *pro se* by Plaintiff. Plaintiff seeks injunctive relief and damages as well as dismissal of his state-court charges and the removal of Judge Watkins and Attorney Heard from his state trial.

Under the Prison Litigation Reform Act ("PLRA"), the Court must assess whether a

prisoner's complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court must construe Plaintiff's *pro se* complaint indulgently, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

To state a § 1983 claim, a plaintiff must allege (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983. The Defendants are the state presiding judge on Plaintiff's criminal court trial, the Clerk of the State Criminal Court and Plaintiff's defense attorney.

As to Defendant State of Tennessee, a state is not a suable entity under § 1983. *Will v. Michigan State Police Dept.* 491 U.S. 58, 64 (1989).

Plaintiff is not entitled to injunctive relief against Judge Watkins for decisions in his judicial capacity. *See Mireles v. Waco*, 502 U.S. 9, 10–11, (1991) (injunctive relief is not available "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable"). Accordingly, Plaintiff's claims against Judge Watkins must be dismissed.

As to Plaintiff's claims against Defendant Rooker the State Court Clerk are subject to dismissal because"[q]uasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). The processing of court papers is a quasi-judicial function. *Harris v. Suter*, 3 F. App'x 365, 366 (6th

Cir. 2001) ("When a clerk files or refuses to file a document with the court, he is entitled to immunity, provided the acts complained of are within the clerk's jurisdiction."). Thus, the Defendant Rooker is entitled to absolute immunity and Plaintiff's claims against Rooker must be dismissed.

As to Defendant Heard, Plaintiff's state defense attorney, a public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding" and therefore cannot be liable under § 1983. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968) (holding that a private attorney, even if appointed by the court, does not act under color of state law).

For these reasons, the Court concludes that Plaintiff's complaint fails to state a claim for relief and this action should be dismissed.

An appropriate Order is filed herewith.

ENTERED this the 31st day of August, 2015.

WILLIAM J. HAYNES, JR.
Senior United States District Judge